CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2007

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FOREST FISHER, ) | Civil Action No. 7:06cv00529 |
|     Plaintiff, ) | |
| v. ) | **FINAL ORDER ADOPTING** |
| ) | **REPORT AND RECOMMENDATION** |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Forest Fisher brings this suit pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his constitutional and statutory rights by placing him in segregation and refusing to allow him to have a religious medallion. The defendants filed a motion for summary judgment, and the court referred the matter to United States Magistrate Judge Michael F. Urbanski for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge subsequently filed a report, finding no genuine issue of material fact, and recommending that defendants' motion for summary judgment be granted in part and denied in part and that defendants be directed to file a supplemental motion for summary judgment. Neither party has filed objections. Having reviewed the Magistrate Judge's Report and Recommendation and pertinent portions of the record, the court agrees with the Magistrate Judge's recommendation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation is **ADOPTED** in its entirety;

2. Defendants' motion for summary judgment is **GRANTED in part** and **DENIED in part**:

   a. Defendants' motion for summary judgment on plaintiff's due process claims under the Fourteenth Amendment related to his placement and confinement in segregation are **GRANTED**;

b. Plaintiff's claims related to his confinement in segregation at Red Onion State Prison are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

c. Defendants' motion for summary judgment as to plaintiff's free exercise and equal protection claims under the First and Fourteenth Amendment is **DENIED**;

d. Plaintiff's claims for alleged violations of his First and Fourteenth Amendment rights by defendants in their official capacities and the Virginia Department of Corrections ("VDOC") are **DISMISSED**;

e. Plaintiff's claims for alleged Religious Land Use and Institutionalized Persons Act ("RLUIPA") violations by defendants Huffman, Ray, Armentrout, and Jabe, in their official and individual capacities, is **DISMISSED**;

f. Plaintiff's request for monetary damages against the VDOC and Cei, in his official capacity, for alleged RLUIPA violations is **DENIED**;

g. Plaintiff's request for monetary damages related to alleged RLUIPA violations against Cei in his individual capacity is allowed to proceed;

h. Defendants' motion for summary judgment on the basis of qualified immunity is **DENIED**;

i. Plaintiff's request for preliminary and permanent injunctive relief related to possession of the "Thor's Hammer" pendant and his release from segregation is **DENIED as MOOT**;

j. Plaintiff's request for preliminary and permanent injunctive relief related to

2

any reference in his institutional record to the attempted escape on December 17, 2002 and/or changes in his institutional security classification and housing assignment is **DENIED**; and

    k.    Plaintiff's request for declaratory and injunctive relief ordering the VDOC to recognize Asatru as a bona fide religion and to recognize that a policy prohibiting inmates from possessing a "Thor's Hammer" pendant is a violation of the Constitution and the rights afforded under RLUIPA is **DENIED**.

3.    The defendants are **DIRECTED** to file a supplemental motion for summary judgment on the merits of plaintiff's remaining claims:

    a.    Plaintiff's First and Fourteenth Amendment claims against defendants Jabe, Cei, Huffman, Ray, and Armentrout, in their individual capacities, asserting that defendants would not allow him to possess a "Thor's Hammer" pendant, central to his practice of Asatru, but allowed inmate followers of other religions to possess a variety of other religious medallions;

    b.    Plaintiff's statutory claims under RLUIPA against the VDOC and Cei regarding the implementation and enforcement of the VDOC policy relating to the "Thor's Hammer" pendant and the procedure for an inmate to obtain an exception to have a religious item not on the pre-approved religious item list; and

    c.    Plaintiff's claim for a declaratory judgment that the past implementation of a blanket policy banning inmate possession of a "Thor's Hammer" pendant.

3

4. Defendants' supplemental motion for summary judgment and memorandum in support thereof should, at a minimum, address the following:

   a. The rationale for prohibiting inmates from possessing the "Thor's Hammer" pendant;

   b. The basis for allowing some religious medallions and disallowing other religious medallions; and

   c. Whether the VDOC policy prohibiting possession of the "Thor's Hammer" pendant and the procedure for obtaining an exception are the least restrictive means of meeting institutional needs.

The Clerk of the Court is directed to send a certified copy of this Order to the plaintiff.

**ENTER:** This _15th_ day of March, 2007.

_____
United States District Judge