CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 2 5 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FOREST FISHER, )
    Plaintiff, )
)
v. ) Civil Action No. 7:06cv00529
)
VIRGINIA DEPARTMENT OF )
CORRECTIONS, et al., )
    Defendants. ) By: Hon. Michael F. Urbanski
) United States Magistrate Judge

## REPORT AND RECOMMENDATION

Plaintiff Forest Fisher ("Fisher"), an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq. By Order entered March 15, 2007, the undersigned's Report and Recommendation on defendants' first motion for summary judgment was adopted in its entirety, and defendants' motion was granted in part and denied in part. Accordingly, the only claims which remain are Fisher's assertion that (1) defendants, in their individual capacities, violated his First and Fourteenth Amendment rights because they would not allow him to possess a "Thor's Hammer" pendant,[1] central to his practice of Asatru[2], but allowed inmate followers of other religions to possess a variety of other religious medallions; and (2) that defendants the VDOC and Cei violated his statutory rights under RLUIPA in implementing and enforcing a VDOC policy relating to the "Thor's Hammer" pendant and in

---

[1] Fisher alleges that defendants Jabe, Cei, Huffman, Ray, and Armentrout violated his First Amendment right to free exercise and that defendants Jabe, Cei, Huffman, and Ray violated his Fourteenth Amendment equal protection right.

[2] Asatru is a religious movement whose focus is in reviving the Norse beliefs of the Viking Age as described in the Eddas, a compilation of 13th century Norse poems. http://en.wikipedia.org/wiki/Asatru; http://en.wikipedia.org/wiki/Edda.

implementing, enforcing, and/or failing to enforce the VDOC procedure for an inmate to obtain an exception to have a religious item not on the pre-approved religious item list.

This matter is before the court on defendants' supplemental motion for summary judgment. The court notified Fisher of defendants' motion as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), and advised him that his failure to reply to defendants' motion may result in dismissal and/or summary judgment being granted for defendants. As Fisher has filed a response to defendants' motion and the time allotted for any further response has expired, this matter is ripe for disposition.

Upon review of the record, the undersigned finds that there are issues of material fact as to whether defendants violated Fisher's First and Fourteenth Amendment and RLUIPA rights. Therefore, the undersigned recommends that defendants' supplemental motion for summary judgment be denied and that this matter be set for trial.

## I.

Generally, Fisher asserts that defendants violated his constitutional and statutory rights in refusing to allow him to possess a "Thor's Hammer" pendant, which he claims is a necessary part of his religious exercise because it is a "powerful talisman" which protects him from negative forces, makes the area surrounding him "welcoming to the gods," and allows him to "communicate with the gods."[3] (Compl. ¶ 19.)

Fisher filed three requests for permission to possess the "Thor's Hammer" pendant in early 2005, and he was ultimately informed a VDOC statewide policy prohibited inmates from

---

[3] For a more detailed explanation of the events leading to Fisher's current claims, see the undersigned's February 23, 2007 Report and Recommendation, Docket Entry No. 25.

possessing "Thor's Hammer" pendants. (Compl., Ex. F.) Fisher then filed a grievance asking for an exception to order and possess a "Thor's Hammer" pendant. (Compl., Ex. A.) His grievance was denied at both the initial and appellate levels of review, and again, he was advised that the VDOC did not permit inmates to have a "Thor's Hammer" medallion. (Id.)

Although defendants initially asserted Fisher failed to file the appropriate paperwork to have his request for a "Thor's Hammer" pendant approved, they now concede Fisher did in fact file the appropriate paperwork, with the appropriate correctional employees at Red Onion State Prison ("ROSP"), but that those correctional employees failed to forward his request to the Virginia Department of Corrections ("VDOC") Faith Review Committee ("FRC").[4] Nonetheless, they generally contend that defendants are not liable under the Constitution or RLUIPA for these failures because the "Thor's Hammer" pendant was not on the pre-approved list of faith items.

Defendants concede that Fisher appropriately submitted his request to Yvonne Taylor, Treatment Program Supervisor at ROSP, and she failed to forward his request to the FRC. Instead, Taylor undertook an independent investigation so that she could recommend an approval or disapproval of the request. During the course of her investigation Taylor contacted Lewis Cei, Special Programs Manager for the VDOC and Chairman of the FRC, who advised her that "the VDOC did not offer the Thor's Hammer medallion for inmates and that the VDOC

---

[4] As detailed more thoroughly in the undersigned's February 23, 2007 Report and Recommendation, because the "Thor's Hammer" pendant was not on the list of pre-approved religious items, in order to be allowed to order and possess the "Thor's Hammer" pendant, Fisher needed to submit his request to the designated ROSP employee, who would then forward the request to the Faith Review Committee. (Def.'s Mem. in Supp. M. Summ. J., Cei Aff. ¶ 5-6.) The Faith Review Committee would then make a final decision as to whether the request for the non-approved religious item should be granted for that particular inmate. (Id. at ¶ 5.)

3

felt that it was inappropriate for a prison setting." (Defs.' Supp. Mot. Summ. J. at 4) Cei also advised Taylor that he believed the pendant was "gang affiliated." (Id.) As a result of the information Cei provided, Taylor did not make any further efforts to comply with the VDOC policy. She did not make a recommendation for approval or disapproval of the request nor did she forward Fisher's request to the FRC; instead, she simply advised Fisher that the "Virginia Department of Corrections does not approve Thors [sic] Hammer medallions for inmates." (Id.; Compl., Ex. F.) Likewise, when Fisher filed a grievance asking for an exception to order and possess a "Thor's Hammer" pendant, his grievance was denied at both the initial and appellate levels of review, and he was informed by Warden Ray and Regional Director Larry Huffman, individually, that the VDOC did not permit inmates to have a "Thor's Hammer" medallion and that "[t]his is a statewide ruling." (Compl., Ex. A.)

Defendants now contend that there was no official VDOC policy prohibiting inmates from possessing the "Thor's Hammer" pendant, and that, in fact, as of November 16, 2005, the "Thor's Hammer" was placed on the list of pre-approved religious items, after it was brought to the VDOC and the FRC's attention by an inmate at the Dillwyn Correctional Center. (Defs.' Supp. Mot. Summ. J., Ex. V, Jabe Aff.) Further, Cei asserts that when he spoke to Taylor, he was not expressing a VDOC policy, but was instead expressing his personal view of the "Thor's Hammer" pendant. (Id.) Defendants also assert that certain religious items, such as crosses, crucifixes, Allah pendants, and Stars of David, were already on the pre-approved religious item list because the FRC and John Jabe, Deputy Director of the VDOC, were familiar with these items and believed that these items had little, if any, negative connotation or gang affiliation. Therefore, as long as they met institutional size and safety requirements, these items did not pose

4

a threat and could be possessed by an inmate without institutional or FRC review. (Defs.' Supp. Mot. Summ. J., Ex. V, Jabe Aff.)

## II.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). However, the court need not treat the complainant's legal conclusions as true. See, e.g., Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted); Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

### A.    § 1983 Claims

Fisher alleges that defendants violated his First Amendment right to free exercise and his Fourteenth Amendment right to equal protection in disapproving his request to order and possess a "Thor's Hammer" pendant and in instituting a general policy prohibiting inmates from possessing a "Thor's Hammer" pendant. Defendants now claim that there was no official policy banning the "Thor's Hammer." Rather, they assert that the "Thor's Hammer" pendant simply

5

was not on the list of pre-approved religious medallions inmates were allowed to possess; therefore, before an inmate could have the "Thor's Hammer" pendant he had to submit a request to the FRC for review. However, defendants concede that Fisher did in fact file such a request, but Taylor decided not to forward his request to the FRC based on Cei's statements that the VDOC had already disapproved the "Thor's Hammer" pendant for all inmates. Likewise, Fisher's grievances requesting an exception to the VDOC policy were denied as unfounded as "the Virginia Department of Corrections does not offer Thors [sic] Hammer medallions to inmate population. This is a statewide ruling." (Compl., Ex. A.)

### 1. Free Exercise

It is well established that a prisoner retains his federal constitutional right to freedom of religion, and prisoners must be afforded "reasonable" opportunity to practice their religion. Cruz v. Beto, 405 U.S. 319, 322 (1972). However, even when religious freedoms are at issue, prison administrators must be afforded "latitude in the administration of prison affairs." Id. In evaluating a constitutional challenge to prison regulations, the court must consider the following factors: (1) whether there is a logical connection between the regulation and a legitimate governmental interest; (2) if the inmate has an alternate means of exercising his religious right; and (3) if accommodating the inmate's right would severely impact other inmates, prison officials, and the allocation of prison resources. O'Lone v. Estate of Shabazz, 482 U.S. 342, 350-52 (1987).

Fisher alleges that wearing the "Thor's Hammer" pendant is a central tenet to his religion, and thus, the defendants substantially burdened his ability to practice his religion by refusing to allow him to order and wear the pendant. He further alleges that this decision was

6

arbitrary and capricious because inmates of other religious denominations were allowed to wear various religious medallions. Defendants do not question the sincerity of Fisher's religious beliefs. Rather, defendants argue that they reasonably refused to give Fisher permission to wear the "Thor's Hammer" pendant until after the FRC had an opportunity to review this medallion for potential institutional security and safety concerns. Defendants further assert that Fisher had alternative means of expressing himself and that accommodating his request without allowing the FRC to review his request would have been unduly burdensome to staff, would have adversely affected prison resources, and would have caused an institutional safety concern.

Had the defendants actually forwarded Fisher's request for a "Thor's Hammer" pendant to the FRC, they may have had a legitimate basis on which to found such an argument. However, as they did not, their argument that institutional safety concerns and the appropriate allocation of prison resources necessitated denying his request until it had been reviewed and approved by the FRC wholly lacks merit. As defendants admittedly did not forward Fisher's request to the FRC, there is no relationship between their denial of Fisher's request and the need for FRC review of his request. Further, in relying on the need for FRC approval, defendants flatly ignore the fact that Fisher submitted the appropriate paperwork to the appropriate institutional employee for FRC consideration, but that that employee failed to forward his request as required under the VDOC FRC procedures.

As to the remaining factor of whether Fisher had any alternative means of practicing his religion, the court must consider whether Fisher was deprived of all forms of religious exercise. See O'Lone, 482 U.S. at 352 (holding that although correctional employees did not permit weekly Jumu'ah services, because Islamic inmates were provided with many other opportunities

7

to worship in a group, an Imam had free access to the prison, Islamic inmates were provided with diets which conformed to their religious beliefs, and accommodations were made to allow inmates to participate in Islamic holidays, this policy did not violate the inmates' free exercise rights). Fisher avows that the "Thor's Hammer" pendant is central to his religion and is used to communicate with the gods, he is not allowed to possess any other Asatru religious items which allow communication with the gods, he is not allowed to participate in any type of Asatru worship service, and ROSP refuses to play Asatru religious videos. Defendants assert Fisher had alternative means of practicing his religion, but do not explain how he may have otherwise practiced Asatru without the "Thor's Hammer" medallion nor do they stipulate as to what other religious accommodations may be available for an Asatruan inmate.

Accordingly, the undersigned finds there is a question of material fact as to whether defendants violated Fisher's First Amendment right to free exercise in failing to process his request to possess the "Thor's Hammer" pendant and in ultimately refusing to allow him to possess the medallion. Therefore, the undersigned recommends that defendants' motion for summary judgment on this claim be denied.

## 2. Equal Protection

Fisher also alleges that the policy prohibiting possession of the "Thor's Hammer" religious pendant and the defendants' refusal to grant him an exception to the policy violated his equal protection rights because inmate followers of various other religions were permitted to have religious medallions. Defendants assert that there was no official policy prohibiting inmates from possessing the "Thor's Hammer" pendant and that when Cei informed Taylor that "the VDOC did not offer the Thor's Hammer medallion for inmates and that the VDOC felt that

8

it was inappropriate for a prison setting," he was merely expressing his own beliefs. (Defs.' Supp. Mot. Summ. J. at 4) Defendants further assert that the policy allowing some religious medallions, but not others, was based on certain correctional employees' familiarity with those types of religious medallions and that to have other, unconventional religious medallions approved, an inmate need only file a request with the FRC.

As a threshold matter, defendants do not address the multitude of documents in which defendants repeatedly state that the VDOC had, in place at the time of Fisher's request, a "statewide ruling" prohibiting inmates from possessing the "Thor's Hammer" medallion. (Compl., Exs. A & F.) Additionally, as to defendants' argument that an inmate need only file a review request with the FRC, once again, defendants conveniently appear to have forgotten that Fisher did, in fact, file such a request with the appropriate correctional employee, but defendants failed to process and/or forward his request.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). After such a demonstration, the court then determines whether such a disparity in treatment can be justified under the requisite level of scrutiny. See, e.g., City of Cleburne, 473 U.S. 432, 439-40 (1985); In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir.), cert. denied, 538 U.S. 874 (1999). After such a threshold showing is made, the court must determine if the disparity in treatment is reasonable in light of the special security and management concerns in the prison system. See

Morrison, 239 F.3d at 655 (citing Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 136 (1977)).

Fisher alleges he has been treated differently than similarly situated inmates of different faiths merely because he practices an unconventional religion. Defendants do not contest the fact that Asatru is unconventional and, in fact, admit that the reason some religious items were pre-approved is because various correctional employees were familiar with those symbols and found they had no negative connotation. Although alone this would not be sufficient to establish that Fisher was treated differently merely because he practiced Asatru, the fact that Fisher followed the appropriate procedure to have his request approved by the FRC, but correctional employees failed to process this paperwork because of their beliefs, mistaken or otherwise, lends weight to his claim that he was treated differently than other inmates at ROSP simply because he practiced an unconventional religion. Defendants do not address their failure to process Fisher's FRC request and once again rely on the underlying FRC procedure, with which Fisher complied, but defendants did not, to justify their decision not to allow him to possess the "Thor's Hammer" pendant. Nor do defendants address that again, mistaken or otherwise, various correctional employees believed there was a "statewide" policy prohibiting inmates from possessing a "Thor's Hammer" medallion and, thus, that there was no reason to process his FRC request. As noted above, these factual inconsistencies preclude summary judgment. Finally, defendants have not addressed, at all, the fact that when another inmate at another institution made a similar request it was subsequently processed and approved by the FRC without incident and in a timely fashion.

Accordingly, the undersigned finds that Fisher has presented a genuine issue of material fact as to whether defendants violated his Fourteenth Amendment rights and recommends that defendants' motion for summary judgment on this issue be denied. See Native American Council of Tribes v. Solem, 691 F.2d 382, 384 (8th Cir. 1982) (finding that denial of a privilege to adherents of one religion while granting it to others is on its face discrimination on the basis of religion in violation of the equal protection clause of the Constitution).

### B. RLUIPA Claim

Fisher alleges that defendants the VDOC and Cei substantially burdened his ability to practice his religion and, thus, the rights afforded under RLUIPA by implementing and enforcing a policy which prohibited an inmate from possessing a "Thor's Hammer" pendant. Defendants contend that there was no official VDOC policy prohibiting inmates from possessing the "Thor's Hammer" medallion, and they rely on the VDOC procedure for having a religious item not on the pre-approved religious item list approved by FRC as demonstrating there was not a substantial burden on Fisher's free exercise rights. However, yet again, defendants fail to address substantial problems with this argument, namely (1) that there are multiple written and verbal statements made by various correctional employees at the institutional, regional, and state level indicating that there was "a statewide ruling" prohibiting inmates from possessing the "Thor's Hammer" medallion and (2) that Fisher actually complied with the VDOC FRC procedure seeking approval for a "Thor's Hammer" pendant, but his request was deliberately not processed and/or forwarded to the FRC.

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers

11

"a compelling governmental interest," and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a). Although the plaintiff bears the initial burden of establishing that the government's actions substantially burdened his exercise of religion, once such a showing is made, the government bears the burden of persuasion that its practice is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest. Adkins v. Kaspar, 393 F.3d 559, 567 n. 32 (5th Cir. 2004), cert. denied, 545 U.S. 1104 (2005); Civil Liberties for Urban Believers v. Chicago, 342 F.3d 752, 760 (7th Cir. 2003), cert. denied, 541 U.S. 1096 (2004).

Defendants do not challenge the sincerity of Fisher's beliefs nor that the wearing of the "Thor's Hammer" pendant is central to Fisher's religious exercise. Instead, defendants assert that there was no official policy banning possession of the "Thor's Hammer" pendant. However, because it was not on the list of pre-approved religious items, they concede an inmate needed to submit a request for review by the FRC before he could possess such an item. Defendants further contend that requiring an inmate to submit a formal request for an unconventional religious item and affording correctional employees an opportunity to review such item for potential institutional security hazards before granting that request does not substantially burden an inmate's right to religious exercise.

Defendants do not address Cei, Taylor, Ray, and/or Huffman's statements that there actually was a statewide policy banning possession of the "Thor's Hammer" pendant at the time of Fisher's request. Likewise, defendants do not address the fact that Fisher completed all the necessary steps to have the "Thor's Hammer" pendant approved by the FRC, but defendants admittedly intentionally failed to follow VDOC procedure and forward his request to the FRC.

12

Defendants offer no evidence suggesting that any compelling governmental interest was furthered in generally prohibiting inmates from possessing the "Thor's Hammer" pendant nor in failing to process an inmate's request for FRC consideration. Finally, defendants offer no argument that these actions were the least restrictive means of furthering that governmental interest.

As the court must on a motion for summary judgment construe any factual dispute in the non-movant's favor, the undersigned finds that Fisher has made a threshold showing that the VDOC substantially burdened his right to religious exercise either by (1) instituting a general policy prohibiting inmates from possessing the "Thor's Hammer" pendant without conducting any substantial review as to whether or not that pendant actually posed any threat to institutional security and/or any other legitimate governmental interest and/or (2) in failing to require correctional employees to comply with the VDOC procedure for having an unconventional religious item approved for inmate possession. The record indicates that in refusing to process and/or forward Fisher's request to the FRC, correctional employees relied on the specific statements Cei made regarding the VDOC's policy on the "Thor's Hammer" pendant. Further, Fisher alleges, and defendants do not contest, that the VDOC and Cei as Special Programs Manager and Chairman of the FRC, were responsible for ensuring that the burdens placed on an inmate's free exercise satisfied all RLUIPA requirements. This includes not only ensuring that all VDOC policies and procedures complied with RLUIPA, but also that all correctional officers complied with the VDOC's policies in a manner consistent with RLUIPA mandates.

Defendants reliance on a VDOC policy and procedure for having a non-pre-approved religious item approved, with which they did not comply, but Fisher did, is insufficient to

establish that this policy and correctional officers' implementation of that policy was the least restrictive means of furthering a compelling governmental interest. Although the FRC review procedure may further a compelling governmental interest and may be the least restrict means of doing so, that policy and procedure are not the only issue of concern in this case. Another, and perhaps more significant concern is that Fisher, in fact, complied with the FRC policies and procedures, and defendants plainly failed to follow the provisions of the policy and did not forward his request to the FRC. At this juncture the court cannot divine any legitimate governmental interest justifying the statements Cei made to Taylor to dissuade Taylor from forwarding Fisher's request to the FRC nor as to Taylor's failure to comply with the FRC procedures. As the creation and implementation of this policy allegedly impeded Fisher's religious exercise, the undersigned concludes that there is a genuine issue of material fact as to whether this policy/procedure and the implementation of the same was the least restrictive means of furthering a compelling governmental interest. Therefore, the undersigned recommends that defendants' motion for summary judgment on this issue be denied.

### III. Qualified Immunity

Defendants argue that they are entitled to qualified immunity as to all of Fisher's claims for damages regarding the denial of his request to possess and wear a "Thor's Hammer" pendant. State officials are entitled to qualified immunity against suits for damages if a reasonable officer facing the same situation would not have known that his actions violated plaintiff's clearly established constitutional and statutory rights. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). The court "must inquire whether the established contours of the [right] were sufficiently clear at the time of the [alleged violation] to make it plain to reasonable officers that their actions under

these particular circumstances violated" plaintiff's rights. Winfield v. Bass, 106 F.3d 525, 531 (4th Cir. 1997) (en banc). See also Vathekan v. Prince George's County, 154 F.3d 173 (4th Cir. 1998). The exact conduct at issue need not have been held to be unlawful so long as the unlawfulness of the conduct is manifest under existing authority. Wilson v. Layne, 526 U.S. 603, 614-15 (1999). When a legal question has "been authoritatively decided by the Supreme Court, the appropriate United States Court of Appeals, or the highest court of the state," it is clearly established for purposes of qualified immunity. Wallace v. King, 626 F.2d 1157, 1161 (4th Cir. 1980)

Defendants argue that they are entitled to qualified immunity because (1) Fisher's request for approval of the "Thor's Hammer" pendant was never processed by Taylor and, thus, was never received by the FRC; (2) Taylor, Ray, and Huffman could not have known their conduct was unconstitutional because they had been informed by Cei that the VDOC prohibited inmates from possessing the "Thor's Hammer" pendant; and (3) no defendant could have known that requiring an inmate to comply with the VDOC policy and procedure for having a non-pre-approved faith item approved would have violated an inmate's rights. Once again, defendants have not addressed the fact that Fisher complied with the VDOC policy and procedure for having his faith item approved and that Taylor, Ray, Huffman, and Cei all failed to comply with the same policy on which they are now relying as a basis for their entitlement to qualified immunity. Similarly, defendants do not address Fisher's claims that despite the procedure for obtaining an exception, in practice all inmates were prohibited from possessing the "Thor's Hammer" pendant, yet inmates were permitted certain other, more conventional religious medallions.

15

Defendants have not established that it would not have been clear to a reasonable prison official that denying an inmate a pendant central to the practice of his religion, while allowing inmates of various other religious denominations to have religious pendants, would have violated that inmate's constitutional and statutory rights. They have not addressed substantial evidence in the record establishing that correctional employees at the institutional, regional, and state level repeatedly stated that there was a VDOC "ruling" which specifically prohibited an inmate from possessing a "Thor's Hammer" pendant and, likewise, have offered no basis or justification for this practice. Defendants also have not shown that there was a reasonable justification for their decision to deny Fisher's request to possess a "Thor's Hammer" pendant, but allow certain other religious pendants. At the time Fisher filed his FRC request defendants justified not submitting Fisher's request to the FRC and denying his request for a "Thor's Hammer" pendant on the VDOC's "ruling" that inmates were not allowed to have a "Thor's Hammer" pendant. However, now defendants contend they are entitled to qualified immunity because they reasonably relied on the established FRC review procedure for determining which religious medallions an inmate could possess.

The undersigned finds defendants are not entitled to qualified immunity on the basis of the VDOC FRC policy which they admittedly did not follow as regards Fisher's request. There are genuine issues of material fact as to whether defendants violated Fisher's First and Fourteenth Amendment and RLUIPA rights. The evidence establishes that the "Thor's Hammer" pendant is central to Fisher's religious exercise, Fisher followed the appropriate institutional procedure for FRC review and approval to wear the "Thor's Hammer" pendant, and defendants refused to process his request and repeatedly informed him that there was a

16

"statewide ruling" prohibiting inmates from possessing the "Thor's Hammer" pendant. The record also establishes that inmates of various other religious doctrines had unimpeded access to various religious medallions, but Asatruans, like Fisher, were denied such faith items because prison administrators were not familiar with them. Fisher's attempts to familiarize those officials with these types of faith items through the FRC and grievance procedure were rejected. There are issues of material fact as to why Fisher's requests were not processed and whether the blanket rejection of Fisher's request was the least restrictive means of furthering a compelling governmental interest. Accordingly, the undersigned recommends that qualified immunity be denied at this time. See, e.g., Rainey v. Conerly, 937 F.2d 321, 324 (4th Cir. 1992) (finding that the district court properly denied defendant's immunity based summary judgment motion because "a determination of what actually happened is absolutely necessary to decide whether [defendant] could reasonably have believed that his actions were unlawful"); Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) (holding that summary judgment was precluded where resolution of a claims depends on a determination of credibility as to the underlying events).

### IV. Request for Declaratory Relief

Fisher's remaining claim for declaratory relief centers on the past implementation of the VDOC policy banning possession of the "Thor's Hammer" pendant, and he asks that this policy be declared unlawful under the Constitution and RLUIPA. Defendants assert there was never an actual policy banning the "Thor's Hammer" pendant; thus, this claim for relief should be dismissed. However, the undersigned finds this position is inconsistent with the evidence in the record. Fisher was informed by Taylor, Ray, and Huffman that there was a "statewide ruling" prohibiting inmates from possessing the "Thor's Hammer" medallion. Taylor also now asserts

17

that she was specifically informed that "the VDOC did not offer the Thor's Hammer medallion for inmates and that the VDOC felt that it was inappropriate for a prison setting." (Defs.' Supp. Mot. Summ. J. at 4) Accordingly, the undersigned finds there is a material issue of fact as to whether there was a policy, either written or in practice, prohibiting inmates from possessing the "Thor's Hammer" medallion. Therefore, the undersigned recommends that defendants' motion for summary judgment on this issue be denied.

## V.

For the reasons stated above, the undersigned recommends that defendants' motion for summary judgment be denied and the matter set for trial.

The clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to Plaintiff and all counsel of record.

Entered this 25th day of May, 2007.

Michael F. Urbanski
United States Magistrate Judge