CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FORREST FISHER,<br>    Plaintiff,<br>v.<br><br>VIRGINIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>    Defendants. | Civil Action No. 7:06cv00529<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Forrest Fisher brings this suit pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his constitutional and statutory rights by placing him in segregation and not allowing him to have a religious medallion. The defendants filed their initial motion for summary judgment and the court referred the matter to United States Magistrate Judge Michael F. Urbanski for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommended that the court grant in part and deny in part defendants' motion for summary judgment. The Magistrate Judge further recommend that the defendants be directed to file a supplemental motion for summary judgment on the remaining claims. The court adopted the report and recommendation in its entirety, leaving the following claims to go forward: (1) defendants Jabe, Cei, Huffman, Ray, and Armentrout, in their individual capacities, violated Fisher's First Amendment right to free exercise by not allowing him to possess a "Thor's Hammer" religious medallion; (2) defendants Jabe, Cei, Huffman, and Ray, in their individual capacities, violated Fisher's Fourteenth Amendment right to equal protection by not allowing him to possess a "Thor's Hammer" religious medallion; and (3) defendants Virginia Department of Corrections ("VDOC") and Cei violated Fisher's statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in implementing and enforcing a VDOC policy relating to the "Thor's Hammer" medallion.

The defendants filed a supplemental motion for summary judgment. The Magistrate Judge subsequently filed a report, pursuant to 28 U.S.C. § 636(b)(1)(B), finding issues of material fact as to whether the defendants violated Fisher's First and Fourteenth Amendment and RLUIPA rights. The

Magistrate Judge recommended that defendants' motion for summary judgment be denied and the matter set for trial. Defendants filed an objection, arguing that defendant Armentrout be dismissed from the action as plaintiff had not alleged any of the remaining claims against Armentrout.

The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made and may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). After reviewing the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and defendants' objection, the court agrees with the conclusions of the Magistrate Judge as to all recommendations, with exception to the claim against Armentrout. Accordingly, the court adopts and incorporates the Report and Recommendation by reference except to the extent indicated below.

Defendants indicate in their supplemental motion for summary judgment and attached affidavit, that defendant Armentrout did not have any involvement with the approval or disapproval of Fisher's purchase of the "Thor's Hammer" medallion and that he was not involved in Fisher's religious claims in any way. Furthermore, in response to defendants' supplemental motion for summary judgment, Fisher specifically states: "Plaintiff would like to make clear that defendant Armentrout was only listed as a defendant with regard[] to the due process claims. Armentrout had no involvement in plaintiff's religious discrimination claims." Accordingly, the court finds that summary judgment should be granted with regard to defendant Armentrout and Armentrout should be dismissed from the case.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 6th day of July, 2007.

United States District Judge

2